**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
David A. Blansky, Esq.
Jacqulyn S. Loftin, Esq.
Wendy J. Rothstein, Esq.
*Attorneys for Salvatore LaMonica, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

ROCKYOU, INC.

      Debtor.
-------------------------------------------------------------------x
Salvatore LaMonica, Solely in his Capacity as
Chapter 7 Trustee of the RockYou Inc. Estate,

      Plaintiff,

vs.

Google LLC,
      Defendant.
-------------------------------------------------------------------x

Chapter 7
Case No. 19-10453 (SCC)

Adv Proc No.

## COMPLAINT

  Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee (the "Plaintiff") of the RockYou Inc. estate (the "Debtor"), by his counsel, LaMonica Herbst & Maniscalco, LLP, as and for his complaint against Google LLC (the "Defendant"), alleges as follows:

### NATURE OF THE PROCEEDING

  1. The Plaintiff seeks to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the Debtor's bankruptcy case pursuant to 11 U.S.C. §§ 547 and 550 (the "Bankruptcy Code").

1

2. Subject to proof, the Plaintiff also seeks to avoid and recover from the Defendant, or any other person or entity for whose benefit transfers were made, pursuant to Bankruptcy Code §§ 544, 548 and 550 and §§ 273, 274 and 275 of the New York Debtors and Creditors Law ("DCL"), any transfers that may have been fraudulent conveyances.

3. In addition, the Plaintiff seeks to disallow, pursuant to Bankruptcy Code §§ 502(d) and (j), any claim that the Defendant has filed or asserted against the Debtor or that has been scheduled for Defendant.

4. The Plaintiff does not waive but hereby reserves all of his rights to object to any such claim for any reason, including, but not limited to, any reason set forth in Bankruptcy Code § 502(a) through (j).

5. This action is brought by the Plaintiff in his capacity as the representative of the Debtor's estate, and for the benefit of the Debtor's creditors and other parties in interest.

## JURISDICTION AND VENUE

6. Since this action arises under the pending Chapter 7 case, the United States Bankruptcy Court, Southern District of New York (the "Court"), has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334 and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7. This Court has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334, and Bankruptcy Rules 6009 and 7001.

8. This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A), (b)(2)(E), (b)(2)(F), (b)(2)(H) and (b)(2)(O).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

10. The Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Judge presiding over this adversary proceeding if it is determined that the Bankruptcy Judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## THE PARTIES

11. The Plaintiff is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estates.

12. The Plaintiff is authorized to file this action under Bankruptcy Code § 323 and Bankruptcy Rule 6009.

13. Defendant, Google LLC is a Delaware limited liability corporation with its principal place of business located at 1600 Amphitheatre Parkway, Mountainview, CA.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

**A.** **Procedural Background**

14. On February 13, 2019 (the "Filing Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code in this Court.

15. Salvatore LaMonica was appointed as the Chapter 7 Trustee of the Debtor's estate, has since duly qualified, and is the permanent Trustee administering the Debtor's estate.

**B.** **The Debtor's Business**

16. The Debtor was a California based company founded in 2005. The Debtor developed various applications for social networks. In 2014, the Debtor then purchased rights to classic video games, which were incorporated into game ads and then distributed such games.

17.     On or about December 21, 2017, the Debtors and Centre Lane Partners Master Credit Fund II, L.P. ("Centre Lane") entered into a certain Senior Secured Credit Agreement, and multiple amendments (collectively, the "Credit Agreement"), whereby Centre Lane made secured loans and other financial accommodations to, or for the benefit of the Debtor.

18.     The Debtor sold assets relating to its gaming portfolio to PopReach Inc. pursuant to an Asset Purchase Agreement, dated as of December 23, 2018. Pursuant to a related letter agreement, the Debtor assigned its right to contingent, future payments under the Asset Purchase Agreement to Centre Lane.

19.     On or about January 31, 2019, Centre Lane assigned loans outstanding under the Credit Agreement to an affiliate, CL Media Holdings LLC (d/b/a Wild Sky Media), which consummated a "friendly" foreclosure of substantially all of the Debtor's remaining assets in consideration for a $10 million reduction of the outstanding debt.

**C.     The Transfers**

20.     Based upon a review of the Debtor's books and records, the Debtor made transfers to the Defendant from its bank account within 90 days of the Filing Date.

21. Specifically, within the 90 days prior to the Filing Date, the Defendant received the following eleven (11) transfers, totaling $162,907.75 (the "Transfers"):

| RECIPIENT | DATE OF TRANSFER | AMOUNT OF TRANSFER |
|---|---|---|
| GOOGLE | 11/28/2018 | $28,576.89 |
| GOOGLE | 11/28/2018 | $1,652.32 |
| GOOGLE | 12/14/2018 | $36,282.05 |
| GOOGLE | 12/17/2018 | $4,757.96 |
| GOOGLE | 12/19/2018 | $21,639.30 |
| GOOGLE | 12/20/2018 | $710.56 |
| GOOGLE | 12/28/2018 | $27,521.19 |
| GOOGLE | 12/28/2018 | $355.33 |
| GOOGLE | 1/11/2019 | $36,282.05 |
| GOOGLE | 1/11/2019 | $2,569.01 |
| GOOGLE | 1/18/2019 | $2,561.09 |
| **TOTAL** | | **$162,907.75** |

**D.    The Plaintiff's Diligence**

22. Prior to commencing this adversary proceeding, the Plaintiff, in consultation with his counsel and accountant, and after consideration of the limited records of the Debtor available to him and any proof of claim filed by the Defendant with the Court, concluded that the available information did not present known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c) that completely shielded the Defendant from liability under 11 U.S.C. §547 (b).

**FIRST CLAIM FOR RELIEF**
**(Turnover of Property of the Estate Pursuant to 11 U.S.C. §§ 541 & 542)**

23. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "22" as if set forth fully herein.

24. The Debtor has a legal and equitable interest in the funds comprising of the Transfers.

25. The Debtor's legal and equitable interest in the funds comprising of the Transfers is property of the Debtor's estate.

26. Upon information and belief, the Defendant is holding assets, which are property of the Debtor's estate.

27. By reason of the foregoing, and in accordance with Bankruptcy Code §§ 541 and 542, the Plaintiff is entitled to the entry of an Order and Judgment directing the Defendant to turn over the Transfers, or the value thereof, in an amount as yet undetermined, but in no event believed to be less than $162,907.75 *plus* interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court.

## SECOND CLAIM FOR RELIEF
### (Preferential Transfer Pursuant to 11 U.S.C. § 547)

28. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "27" as if set forth fully herein.

29. The Transfers to the Defendant from the Debtor's account were made within ninety (90) days of the Filing Date.

30. Upon information and belief, the Transfers from the Debtor's account were made to, or for the benefit of, the Defendant.

31. The Transfers were made to, or for the benefit of, the Defendant because upon information and belief, the Transfers reduced or satisfied a debt owed by Debtor to the Defendant.

32. Upon information and belief, the Transfers to the Defendant from the Debtor's account were made on account of an antecedent debt owed by the Debtor to the Defendant.

33. The Transfers were made while the Debtor was insolvent or the Debtor was rendered insolvent as a result thereof.

34. The Transfers to the Defendant from the Debtor's account enabled the Defendant to receive more than it would have otherwise received: (a) in the Debtor's Chapter 7 bankruptcy

6

case; (b) if the Transfers had not been paid; and (c) if the Defendant received payment to the extent provided by the provisions of the Bankruptcy Code.

35. As evidenced by the current claims filed in this case and the debt incurred to date, the liabilities of the Debtor's estate exceed $23,000,000.00.

36. Based on the information available to him, the Trustee has considered the present known or reasonably knowable affirmative defenses that might be available to the Defendant and believes that net of prospectively bona fide statutory defenses, the Defendant has liability for the Transfers under 11 U.S.C. § 547(b) in a sum no less than $75,721.25, together with interest thereon.

37. By reason of the foregoing, the Transfers from the Debtor's account are avoidable and recoverable by the Plaintiff under Bankruptcy Code §§ 547(b) and 550.

38. By reason of the foregoing, the Plaintiff is entitled to an Order and judgment: (i) avoiding the Transfers from the Debtor's account to the Defendant; or (ii) a money judgment in an amount to be determined at trial but in no event believed to be less than $75,721.25, *plus* interest thereon, attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
### (Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(B))

39. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "22" as if set forth fully herein.

40. To the extent the Transfers were not made on account of antecedent debtor, or were a prepayment for subsequent services rendered, the Plaintiff pleads in the alternative that the Debtor did not receive reasonably equivalent value in exchange for such Transfers.

41. Upon information and belief, the Debtor received less than reasonably equivalent value in exchange for the Transfers to the Defendant

7

42. Upon information and belief, the Debtor: (a) was insolvent on the date of the Transfers or became insolvent as a result of the Transfers; (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was unreasonably small capital; or (c) intended to incur or believed that it would incur, debts that would be beyond its ability to pay as they matured.

43. The Transfers to the Defendant constitute fraudulent conveyances and are avoidable and recoverable under Bankruptcy Code § 548(a)(1)(B).

44. The Transfers to the Defendant were made to, or for the benefit of, the Defendant.

45. By reason of the foregoing, the Plaintiff is entitled to an order and judgment: (i) avoiding the Transfers to the Defendant from the Debtor's estate; or (ii) a money judgment in an amount to be determined at trial but in no event believed to be less than $162,907.75, *plus* interest thereon, attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
### (Fraudulent Transfer under DCL)

46. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "22" as if fully set forth herein.

47. To the extent the Transfers were not made to Defendant on account of antecedent debt due Defendant from the Debtor, Plaintiff asserts the instant claim for relief in the alternative.

48. At the time of the Transfers, the Debtor was insolvent or was thereafter rendered insolvent.

49. Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfers.

50. The Transfers constitute fraudulent transfers in violation of Section 273 of the DCL.

51. Under Sections 544(b) and 550 of the Bankruptcy Code and Section 273 of the DCL, Plaintiff may avoid the Transfers.

52. By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfers pursuant to Section 273 of the DCL and judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $162,907.75, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## FIFTH CLAIM FOR RELIEF
### (Fraudulent Transfer under DCL)

53. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "22" as if set forth fully herein.

54. To the extent the Transfers were not made to Defendant on account of an antecedent debt due Defendant from the Debtor, Plaintiff asserts the instant claim for relief in the alternative.

55. At the time of the Transfers, the Debtor was engaged in or was about to engage in a business or transaction for which the property remaining in its hands after the Transfers was an unreasonably small capital.

56. Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfers.

57. The Transfers constitute fraudulent transfers in violation of Section 274 of the DCL.

58. Under Section 544(b) and 550 of the Bankruptcy Code, and Section 274 of the DCL, Plaintiff may avoid the Transfers.

59. By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfers pursuant to Section 274 of the DCL and judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $162,907.75, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## SIXTH CLAIM FOR RELIEF
### (Fraudulent Transfer under DCL)

60. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "22" as if set forth fully herein.

61. To the extent the Transfers were not made to Defendant on account of an antecedent debt due Defendant from the Debtor, Plaintiff asserts the instant claim for relief in the alternative.

62. At the time of the Transfers, the Debtor intended or believed that it would incur debts beyond its ability to pay as they matured.

63. Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfers.

64. The Transfers constitute fraudulent transfers in violation of Section 275 of the DCL.

65. Under Sections 544(b) and 550 of the Bankruptcy Code, and Section 275 of the DCL, Plaintiff may avoid the Transfers.

66. By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfers pursuant to Section 275 of the DCL and judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $162,907.75, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## SEVENTH CLAIM FOR RELIEF
### (Disallowance of Claims under 11 U.S.C. §§ 502(d) and (j))

67. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs numbered "1" through "66" as if set forth fully herein.

68. The Defendant is unlawfully withholding property of the Debtor's estate.

69. The Defendant has not paid the amount of the Transfers that is property of the Debtor's estate to the Plaintiff.

70. Pursuant to Bankruptcy Code § 502(d), any and all claims of the Defendant against the Debtor's estate, including any and all claims assigned by the Defendant, must be disallowed until such time as the Defendant pays the Plaintiff the amount equal to the Transfers, in an amount as yet undetermined, but in no event believed to be less than $162,907.75, *plus* interest thereon, costs, or such other amount as may be determined by the Court.

71. Pursuant to Bankruptcy Code § 502(j), any and all previously allowed claims of the Defendant against the Debtor's estate, including any and all claims assigned by the Defendant, must be reconsidered and disallowed until such time as the Defendant pays to the Plaintiff the amount equal to the Transfers, in an amount as yet undetermined, but in no event believed to be less than $162,907.75, *plus* interest thereon, costs, or such other amount as may be determined by the Court.

**WHEREFORE,** the Plaintiff demands judgment on his claims for relief against the Defendant as follows:

(1) On his first claim for relief against the Defendant, for entry of an Order and Judgment, in accordance with Bankruptcy Code §§ 541 and 542, directing the Defendant to turn over the Transfers, or the value thereof, in an amount as yet undetermined, but in no event believed to be less than $162,907.75, *plus* interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court; and

(2) On his second claim for relief against the Defendant, for the entry of an Order and Judgment, in accordance with Bankruptcy Code § 547, directing the Defendant to turn over the Transfers, or the value thereof, in an amount as yet undetermined, but in no event believed to be less than $75,721.25, *plus* interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court; and

(3) On his third claim for relief against the Defendant, for the entry of an Order and Judgment, in accordance with Bankruptcy Code 548(a)(1)(B), directing the Defendant to turn over the Transfers, or the value thereof, in an amount as yet undetermined, but in no event believed to be less than $162,907.75, *plus* interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court; and

(4) On his fourth claim for relief against the Defendant, for entry of an Order and Judgment, in accordance with DCL §273, directing the Defendant to turn over the Transfers, or the value thereof, in an amount as yet to be determined, but in no event believed to be less than $162,907.75, plus interest thereon, attorneys' fees and costs and such other amount as may be determined by the Court; and

(5) On his fifth claim for relief against the Defendant, for entry of an Order and Judgment, in accordance with DCL §274, directing the Defendant to turn over the Transfers, or value thereof, in an amount as yet to be determined, but in no event believed to be less than $162,907.75, plus interest thereon, attorneys' fees and costs and such other amount as may be determined by the Court; and

(6) On his sixth claim for relief against the Defendant, for entry of an Order and Judgment, in accordance with DCL §275, directing the Defendant to turn over the Transfers, or value thereof, in an amount as yet to be determined, but in no event believed to be less than $162,907.75, plus interest thereon, attorneys' fees and costs and such other amount as may be determined by the Court; and

(7) On his seventh claim for relief against the Defendant, entry of an Order and Judgment disallowing claims of the Defendant, if any, against the Debtor's estate; and

(8) Such other and further relief as the Court deems just and proper.

Dated: February 9, 2021
Wantagh, New York

Respectfully submitted,

**LAMONICA HERBST & MANISCALCO, LLP**
Counsel to Plaintiff, Salvatore LaMonica, Solely in his Capacity as the Chapter 7 Trustee

By: *s/ David A. Blansky*
David A. Blansky, Esq.
Jacqulyn S. Loftin, Esq.
Wendy J. Rothstein, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel: 516.826.6500